IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN ANTHONY MCKINNEY, ) | |
| ID # 1603588, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:12-CV-1105-L-BH |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|     Respondent. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, Petitioner's motion for relief under Federal Rule of Civil Procedure 60(b)(4), received April 10, 2012 (doc. 4), and any other request for relief under Rule 60(b), should be denied.

### I. BACKGROUND

On April 10, 2012, petitioner filed this action using the standard form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* doc. 3.) His form petition challenges his 2009 Dallas County conviction for assault in Cause No. F08-63554 on grounds that his trial counsel was ineffective and that the trial court did not have subject matter jurisdiction over his case. (*Id.*).[1] The petition also states that it should be construed as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. (*Id.* at 9). Petitioner also filed a separate motion under Rule 60(b)(4) asserting that the state trial court lacked subject matter jurisdiction over his case. (*See* doc. 4 at 2).

---

[1] On April 10, 2012, the Court ordered Respondent to file an answer to petitioner's habeas petition within sixty days. (doc. 7).

## II. ANALYSIS

Petitioner contends that he is entitled to relief under Rule 60(b)(4) because the judgment in his underlying state case is void.

Rule 60(b)(4) provides for relief from a *federal* judgment that is void. There are two circumstances under which a district court's judgment may be set aside under Rule 60(b)(4) as void: 1) if the federal district court lacked subject matter or personal jurisdiction over the case; or 2) if the federal district court acted in a manner contrary to due process. *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). Rule 60(b) does not provide a means for challenging a *state* judgment as void.

When a state prisoner challenges the fact or duration of his imprisonment, and the relief he seeks is either immediate or speedier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 600 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). Section 2254(a) of Title 28 provides that federal district courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Here, it is clear from both petitioner's motion and his habeas petition that he is challenging his imprisonment resulting from a state criminal judgment, so his sole remedy in federal court is a writ of habeas corpus under 28 U.S.C. § 2254. His Rule 60(b) motion, as well as his request in his habeas petition that it be considered as a Rule 60(b) motion, should therefore be denied.

## III. RECOMMENDATION

Petitioner's Rule 60(b)(4) motion (doc. 4), and any other request for relief under Rule 60(b),

should be **DENIED**.

    **SIGNED this 12th day of April, 2012.**

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

    The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE