IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRIAN ANTHONY MCKINNEY,** § | | |
| **ID # 1603588,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. **3:12-CV-1105-L-BH** | |
| § | | |
| **RICK THALER, Director**, **TDCJ-CID**, § | | |
| § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 33), which was received by the court on June 26, 2013. According to Petitioner's Certificate of Service, the motion was placed in the prison mail system on June 20, 2013. Petitioner challenges the court's order and judgment entered on May 29, 2013, in which the court accepted the magistrate judge's findings and recommendation that Petitioner's habeas petition be denied and this action be dismissed with prejudice. The court also overruled Petitioner's objections to the magistrate judge's findings and recommendation.

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d

285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

With regard to his ineffective assistance of counsel claim, Petitioner contends that the magistrate judge's findings are "clearly wrong and are in error." Pet.'s Mot. 1. Petitioner further asserts that the court abused its discretion and acted arbitrarily in dismissing his ineffective assistance of counsel claim, and that it was fundamentally unfair to deny such claim under the exhaustion doctrine. Petitioner contends that he has a Sixth Amendment right to effective counsel,

**Memorandum Opinion and Order –Page 2**

that he was not given an opportunity to fully develop his claim, and that there is no procedure in state habeas proceedings that allowed him to rebut the state's answer and refute his trial counsel's affidavit.

The court concludes that no manifest error of law or fact is present, and that no newly discovered evidence has been presented. Moreover, Rule 59(e) motions cannot be used as a vehicle to make arguments that could have and should have been previously asserted or to relitigate issues that were resolved to Petitioner's dissatisfaction. Accordingly, the court **denies** Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 33).

**It is so ordered** this 27th day of June, 2013.

Sam A. Lindsay
United States District Judge